NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0441n.06

No. 12-6213

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 30, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WILLIAM J.R. EMBREY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |

Before:  MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.

PER CURIAM.  William J.R. Embrey appeals a district court judgment that dismissed his complaint filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680.

Embrey alleged that he was subjected to "negligent and wrongful acts and omissions" while he was incarcerated by the Federal Bureau of Prisons in Ashland, Kentucky.  He alleged that the United States, through Bureau staff and officials, 1) deprived him of food from the prison mess hall for ten days in early 2010 and another sixteen days in June 2010, when he was bedridden because of back pain; 2) refused to allow him a wheelchair so that he could go to the mess hall for food; 3) forced him to walk up two sets of stairs to reach the medical department; and 4) failed to provide him with proper medical care.  The district court granted the defendant's motion for summary judgment and dismissed the case on September 12, 2012.

We review the grant of summary judgment *de novo*.  *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011).

The FTCA effectively waives sovereign immunity in limited contexts, and it "is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Himes*, 645 F.3d at 776 (citing 28 U.S.C. § 2679(a)). The FTCA provides a right of action for the negligence of a federal employee if a private person would be liable to the plaintiff under the law of the state where the employee's conduct occurred. 28 U.S.C. §§ 1346(b)(1), 2674; *FDIC v. Meyer*, 510 U.S. 471, 477 (1994). Thus, liability under the FTCA is determined by reference to the law of the state where the alleged medical malpractice or negligence occurred. 28 U.S.C. § 1346(b)(1).

Embrey argues that the declarations in his verified complaint were sufficient to withstand the defendant's motion for summary judgment. However, the defendant submitted evidence showing shows that Embrey's back condition was evaluated and treated, albeit conservatively, during his incarceration. In light of this evidence, an expert's opinion was required to support Embrey's claims because a layman would not be able to recognize medical malpractice or negligence based on common knowledge and experience. *See Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991); *Rogers v. Integrity Healthcare Servs.*, 358 S.W.3d 507, 511–12 (Ky. Ct. App. 2012).

Embrey argues that expert evidence is not necessary to support his claim in the federal courts. This argument lacks merit because the federal courts are required to evaluate a substantive FTCA claim under the law of the state where the alleged tort occurred. *See* 28 U.S.C. § 1346(b)(1); *Himes*, 645 F.3d at 776–77. The district court properly held that the Kentucky state courts would have required expert evidence to support Embrey's FTCA claim. *See Baylis*, 805 S.W.2d at 124. Embrey did not present or allege the existence of expert evidence to establish that the medical treatment he received was substandard. As a result, the district court properly dismissed Embrey's claims under the FTCA.

Embrey also argues that the district court should have allowed further discovery before it ruled on the defendant's motion for summary judgment. We review this argument for an abuse of discretion. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627

(6th Cir. 2002). The district court acted within its discretion here because Embrey did not describe the materials he hoped to obtain with further discovery or how those materials would help him in opposing summary judgment. *See* Fed. R. Civ. P. 56(d); *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 344–45 (6th Cir. 2011).

Finally, Embrey argues that the district court failed to rule on several motions in which he argued that prison employees were inhibiting his access to the court by harassing him and retaliating against him for filing this lawsuit. However, Embrey did not amend his complaint to add a civil rights claim for retaliation. Moreover, that type of claim is not cognizable under the FTCA because it involves intentional conduct. *See* 28 U.S.C. § 2680(h).

The district court's judgment is affirmed.